ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 21 PM 1: 54

CLERK C Reynolds
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 105-058 |
| | ) | |
| CHRISTOPHER J. CUNNINGHAM | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Christopher J. Cunningham ("Cunningham") of Armed Bank Robbery and Carrying and Using a Firearm During a Crime of Violence. (Doc. no. 12, Indictment). The matter is now before the Court on Cunningham's "Motion to Dismiss Count Two." (Doc. no. 30). The government opposes the motion. (Doc. no. 34, p. 4). Now, for the reasons developed more fully herein, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

### I. BACKGROUND

Cunningham is charged in Count One of the indictment with robbing a bank in Waynesboro, Georgia, of approximately $8,000 on March 29, 2005. (Indictment, p. 1). The indictment further charges in Count Two that during and in relation to the March 29th bank robbery - a crime of violence - Cunningham "carried, used, and brandished a firearm, that is a handgun, in violation of Title 18, United States Code, Section 924(c)(1)." (Id. at 2). In relevant part, 18 U.S.C. § 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;
> **(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

## II. DISCUSSION

Cunningham moves to dismiss Count Two on the ground that "it alleges multiple crimes and is therefore improper." (Doc. no. 30, p. 1). Relying on United States v. Booker, 543 U.S. –, 125 S. Ct. 738 (2005) in support of his position, Cunningham contends that the aggravated punishments in the statute that are based on the manner in which the firearm(s) were used must be alleged in an indictment and proven to the trier of fact beyond a reasonable doubt. (Doc. no. 30, p. 2). Thus, goes the argument, "whether the firearm(s) were used, carried, brandished or discharged constitute separate *elements* which, to trigger application of § 924(c)'s stiffer penalties, must be treated as such." (Id.).

The government counters that § 924(c)(1)(A) defines only a single offense and then provides for enhanced penalties where that offense is committed in a certain way. (Doc. no. 34, p. 4). Stated otherwise, the government contends that the portion of the statute pertaining

2

to brandishing a firearm is merely a sentencing factor, not an element of the offense. The government has the better argument.

### A. Count Two Is Not Duplicitous.

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted). Duplicitous counts are problematic for three main reasons: a jury may convict a defendant without unanimous agreement on the same offense; a defendant may suffer prejudice in a subsequent double jeopardy defense; and a court may find it difficult to rule on the admissibility of evidence. However, "[w]here the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means." United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (*per curiam*). Section 924(c)(1)(A) is an example of just such a statute. See, e.g., United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002). Simply put, "[a]n indictment is not duplicitous if, in one count, it charges a defendant with violating [a] statute in [multiple] ways." United States v. Burton, 871 F.2d 1566, 1574 (11th Cir. 1989) (*per curiam*).

Here, Cunningham contends that because the indictment charges separate and distinct elements concerning how the firearm in question was used (used, carried, brandished, or discharged) in Count Two, it alleges more than one offense in that Count.[1] (Doc. no. 30, p. 2). The Court first notes that Cunningham's reliance on Booker is misplaced. In Harris v.

---

[1] The Court notes that the indictment does not specifically allege that a firearm was discharged. (Indictment, p. 2).

3

United States, 536 U.S. 545 (2002), the Supreme Court ruled, "[A]s a matter of statutory interpretation, § 924(c)(1)(A) defines a single offense. The statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury." Id. at 556. The Supreme Court also explained that the sentencing judge did not err in sentencing the defendant to the § 924(c)(1)(A)(ii) mandatory minimum sentence based upon his finding by a preponderance of the evidence that the defendant had brandished a weapon, despite the fact that the indictment said nothing about brandishing a weapon and did not reference § 924(c)(1)(A)(ii). Id. at 551. Post Booker, the Eleventh Circuit has recently re-iterated, albeit it in unpublished opinions, that Harris is still to be applied in this Circuit.[2] United States v. Crawford, No. 04-14606, 133 Fed. Appx. 612, 620-21 (11th Cir. May 18,

---

[2]In deciding that Harris remains good law (at least for now), the Eleventh Circuit noted its agreement with both the Fourth and the Six Circuits. Crawford, 133 Fed. Appx. at 620-21 (citing United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005) and United States v. Harris, 397 F.3d 404, 415 n.5 (6th Cir.2005)); see also United States v. Franklin, 415 F.3d 537, 554 n.8 (6th Cir. 2005). The First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have also agreed that the Harris rationale--that Apprendi and its progeny relate only to increases in sentence *maxima*, rather than sentence *minima*--remains in effect even after Booker. See United States v. Lopez-Urbina, No. 04-50135, - F.3d -, 2005 WL 1940118, at *7 (5th Cir. Aug. 15, 2005) (§ 924(c)(1)(C) mandatory minimum for "second or subsequent conviction"); United States v. Jones, 418 F.3d 726, 731-32 (7th Cir. 2005)(imposition of mandatory minimum for discharging firearm under § 924(c)(1)(A)(iii)); United States v. Keller, 413 F.3d 706, 709-10 (8th Cir. 2005)(judicial finding that defendant brandished firearm constitutional under Harris); United States v. Bermudez, 407 F.3d 536, 545 (1st Cir. 2005)("Only judge-found facts that serve mechanically to raise a defendant's sentence *above that authorized by the jury verdict or guilty plea* amount to Sixth Amendment violations."); United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005)("Booker does not bear on mandatory minimums."); United States v. Moore, 401 F.3d 1220, 1222 n.1 (10th Cir. 2005)(minimum sentence under § 924(e)); United States v. Sanchez, No. 03-4760, 123 Fed. Appx. 510, 511 n.2 (3d Cir. 2005)(unpublished)("A court may impose the statutory mandatory minimum sentence without the need for any jury fact-finding or admission beyond the fact of the conviction itself.").

4

2005) (*per curiam*) ("We recognize that the Supreme Court's Harris decision came after Apprendi but before Booker. However, Booker did not address[] mandatory *minimum* sentences or Harris and at least at this juncture, we remain bound to apply Harris." Id. at 620 (citations and footnotes omitted)); see also United States v. McKinney, No. 04-14178, 135 Fed. Appx. 313, 319 (11th Cir. June 14, 2005) (*per curiam*) ("§ 924(c)(1)(A) does not specify elements of a crime that must be charged in an indictment, submitted to the jury, or proved beyond a reasonable doubt.")(applying Harris to § 924(c)(1)(B)(i)). In sum, the language challenged by Cunningham represents sentencing factors, not elements of the offense that would raise the possibility of a duplicity problem.[3]

B. **Even If Count Two Were Duplicitous, Dismissal Is Not the Appropriate Remedy.**

Even if the Court were to assume for the sake of argument that Count Two could be considered duplicitous or that the possibility of a Booker error was a viable argument, dismissal is not an appropriate remedy. First, any concern regarding jury unanimity may be addressed by curative instructions to the jury that its verdict must be unanimous on whatever

---

[3] Of course, the Court is aware that some courts have held that § 924(c) does raise duplicity or Booker concerns in other contexts. Most notably, the Sixth Circuit has held that 924(c)'s proscription of "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime" is a distinct and separate offense from "possess[ing] a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A); United States v. Combs, 369 F.3d 925, 931-33 (6th Cir. 2004)(quoting United States v. Pleasant, 125 F. Supp.2d 173, 178, 180-81 (E.D. Va. 2000)). However, Combs and Pleasant are easily distinguished. One may possess a firearm in furtherance of a crime without carrying or using it during and in relation to that crime; however, one may not brandish or discharge a weapon during and in relation to a crime without also using or carrying it during and in relation to the crime. And of course, the indictment in the instant case does not raise the concerns addressed in Combs and Pleasant. The indictment charges only that Cunningham carried, used, and brandished a firearm "during and in relation to a crime of violence" and does not allege that Cunningham possessed a firearm in furtherance of such crime. (Indictment, p. 2).

5

specification the jurors find to be the predicate of a guilty verdict. United States v. Natelli, 527 F.2d 311, 325 (2d Cir. 1975); see also Schlei, 122 F.3d at 980 (finding unanimity instruction to jury could have cured risk that jury improperly convicted defendant without unanimous agreement on which of multiple transactions formed basis for conviction); United States v. Shorter, 809 F.2d 54, 56-58 (D.C. Cir. 1987) (affirming that when two or more acts would constitute an offense standing alone, those acts may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme), *abrogated on other grounds by*, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 585 (1993). Cunningham's arguments regarding § 924(c) do not present exceptions to this rule. See, e.g., United States v. Husband, No. 05-CR-08-C, 2005 WL 1115873, at *1 (W.D. Ky. May 6, 2005)(citing United States v. Davis, 306 F.3d 398, 416 (6th Cir. 2002)). Likewise, any Sixth Amendment concerns may be alleviated by "separat[ing] the 'use and carry' conduct and the 'brandishing' conduct into separate counts to submit to the jury and then merg[ing] the convictions after trial." Husband, 2005 WL 1115873, at *1.

Moreover, Booker concerns or Sixth Amendment problems may also be addressed by specific jury instructions:

> Alternatively, the court could require the jury to find beyond a reasonable doubt whether [Defendant] used or carried a firearm during and in relation to each charged crime and require a finding beyond a reasonable doubt as to whether [Defendant] brandished a firearm during and in relation to each crime by special verdict or special interrogatories to alleviate the possible concerns about sentencing and the Sixth Amendment guarantee of unanimity.

Id. at *1. Finally, the Court also notes that any danger may similarly be cured by having the government to elect whether to proceed on a "use and carry" or "brandish" theory. See, e.g.,

United States v. King, No. 04-CR-1071, 2005 WL 1307790, at *1 (N.D. Ill. Apr. 26, 2005)(explaining that government may simply "strike one phrase or the other").

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

SO REPORTED and RECOMMENDED this 21st day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA     *

vs.     *     CASE NO. CR105-058

CHRISTOPHER J. CUNNINGHAM     *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as REPORT & RECOMMENDATION dated 09/21/05, which is part of the official records of this case.

Date of Mailing: 09/21/05
Date of Certificate: 09/21/05

SCOTT L. POFF, CLERK

By: Joe Howell, Deputy Clerk

NAME:
1. CHRISTOPHER J. CUMMINGHAM, FEDERAL PRISONER, SERVED AT PRISON ADDRESS
2. SCOTT WAYNE KELLY, ESQ.
3. 
4. TICKLER - 10/5/05
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds