ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JODALE CUNNINGHAM, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | CV 109-083 (Formerly CR 105-058) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Jodale Cunningham, an inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent has submit a response to the § 2255 motion, to which Petitioner has replied. (See doc. nos. 5, 8). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On October 5, 2005, Petitioner was charged in a superceding indictment with the following offenses: (1) conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; (2) armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d); and (3) carrying, using, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

United States v. Cunningham, CR 105-058, doc. no. 40 (S.D. Ga. Oct. 5, 2005) (hereinafter "CR 105-058"). Petitioner's co-defendant Damien Jermaine Jones was charged in the same superceding indictment with the same conspiracy and armed robbery offenses noted above. Id. Petitioner and his co-defendant proceeded to trial, where the government introduced, without objection by Petitioner, a stipulation, signed by counsel for all parties, stating that funds of the subject bank were federally insured by the Federal Deposit Insurance Corporation ("FDIC"). Specifically, the stipulation provided that:

> The parties hereby agree and stipulate that the Regions Bank, located at 204 W. Sixth Street, Waynesboro, Georgia, is a bank as that term is defined in Title 18, United States Code, Section 2113(f), whose deposits, on or about March 29, 2005, were insured by the Federal Deposit Insurance Corporation. The jury may take these facts as if they were proved by the Government at trial.

Id., doc. no. 90. The jury later convicted Petitioner on the conspiracy and armed robbery charges but acquitted him on the firearms charge. Id., doc. no. 95. Petitioner's co-defendant was convicted only on the conspiracy charge. Id., doc. no. 112, pp. 444-45.

Following the trial, the Probation Office prepared Petitioner's Presentence Investigation Report ("PSI"), which recommended a base offense level of 20, pursuant to U.S.S.G. § 2B3.1. PSI, ¶ 23. The PSI also recommended the following adjustments to Petitioner's sentence: (1) denial of an acceptance of responsibility credit, pursuant to U.S.S.G. § 3E1.1; (2) a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(1) because the property of a financial institution was taken; and (3) a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B) because a firearm was "otherwise used" during the armed robbery. PSI, ¶¶ 24-25, 30. The resulting total offense level was 28 and a criminal history category III, with an advisory sentencing range of 97 and 121 months of imprisonment under the United States Sentencing Guidelines. PSI, ¶¶ 33, 40, 61. Petitioner filed objections to the PSI, including an

objection to the six-level enhancement for otherwise using a firearm. See PSI-Addendum, p. 2. At sentencing, the Honorable Dudley H. Bowen, Jr., United States District Judge, overruled Petitioner's objection to the six-level enhancement, finding that notwithstanding Petitioner's acquittal on the firearms charge, the evidence at trial established "well beyond a preponderance of the evidence that a firearm was used." CR 105-058, doc. no. 113, pp. 8-9 ("Sent. Tr."). Accordingly, Judge Bowen sentenced Petitioner to 60 months of imprisonment on the conspiracy charge and 121 months of imprisonment on the armed robbery charge, to be served concurrently, for a total term of imprisonment of 121 months. Id., doc. no. 103; see also Sent. Tr., pp. 20-21.

Petitioner then filed an appeal, raising the following two issues:

(1) whether the trial court committed reversible error when it refused to grant Petitioner's request to give a limiting instruction with respect to the impeachment testimony of a government witness; and

(2) whether the trial court abused its discretion in permitting the government to impeach its own witness with a prior inconsistent statement the witness had made to the Georgia Bureau of Investigation and the Federal Bureau of Investigation agents.

See United States v. Cunningham, 233 Fed. App'x 906 (11th Cir. 2007) (*per curiam*); (see also doc. no. 5, Exs. A & D). On May 9, 2007, the Eleventh Circuit affirmed Petitioner's convictions. Cunningham, 233 Fed. App'x at 909.

Following the denial of Petitioner's request for a re-hearing *en banc*, see United States v. Cunningham, 284 Fed. App'x 805 (11th Cir. 2008) (Table), Petitioner timely filed the instant § 2255 motion. In his motion, Petitioner asserts the following claims as grounds for relief:

(1) the trial court erred in applying the six-level enhancement for otherwise using a firearm during the armed robbery because Petitioner was acquitted of the firearms charge at trial;

(2) the trial court erroneously relieved the government of its burden of proof as to the conspiracy and armed robbery charges when it instructed the jury "that no further proof that the bank was insured by the FDIC is necessary" following its reading of the parties' stipulation; and

(3) the trial court lacked subject matter jurisdiction because the FDIC does not insure banks against robberies or thefts.

(Doc. no. 1, pp. 4-7). The government contends in its response that all of Petitioner's claims are procedurally defaulted and are otherwise without merit. (See generally doc. no. 5).

## II. DISCUSSION

### A. Procedurally Defaulted Claims

#### 1. Available Claims Must Be Raised on Direct Appeal

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the

defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

### 2. Petitioner Brings Claims He Failed to Assert on Direct Appeal.

Petitioner's first claim regarding the six-level enhancement applied to his sentence and his second claim regarding the government's burden of proof were not raised on direct appeal, and therefore he cannot now bring these claims in this collateral proceeding.[1,2] "A claim not

---

[1] The Court specifically notes that Petitioner's sentence was within the statutory limits and is therefore "insulated" from review in this proceeding. Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) (citations omitted). Indeed, the maximum statutory penalty for the armed robbery of a bank is twenty-five years of imprisonment, see 18 U.S.C. § 2113 (d), and as noted above, Judge Bowen sentenced Petitioner well below the statutory maximum to 121 months of imprisonment, slightly more than ten years.

[2] The Court is also aware that Petitioner's third claim was not raised on direct appeal. However, as this claim challenges the district court's subject matter jurisdiction, it is not barred in this collateral proceeding, even though Petitioner did not raise it on direct appeal. See United States v. Cotton, 535 U.S. 625, 630 (2002) (noting that because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived"); McCoy v. United States, 266 F.3d 1245, 1248 (11th Cir. 2001) (noting that challenges to jurisdiction may not be procedurally defaulted and can be raised in collateral proceedings without a showing of cause and prejudice). Accordingly, the Court addresses this claim, as

5

raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (citation omitted). By failing to raise his first and second claims on direct appeal, Petitioner procedurally defaulted these claims. Having established that these claims have been defaulted, the Court notes that nowhere in Petitioner's § 2255 motion does he attempt to establish cause for his procedural default of these claims, nor do any such reasons leap from the face of the motion. Furthermore, though Petitioner contends that all his claims establish his "actual and factual innocence" (doc. no. 1, pp. 4-5, 7), he provides no details in support of this contention. Indeed, Petitioner has failed to set forth any allegations suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. In sum, Petitioner's first and second claims are barred in this proceeding because they were not raised on direct appeal, and Petitioner has failed to set forth any reason that would excuse his procedural default of these claims.

That said, even if Petitioner's first and second claims were not barred in this proceeding, they would still not provide a basis for habeas relief, because, as discussed in detail below, these claims, as well as Petitioner's claim challenging the district court's subject matter jurisdiction, all lack merit.

**B.      Merits of Petitioner's Claims**

The Court begins with Petitioner's first claim that the trial court erred in applying the six-level enhancement to his sentence for otherwise using a firearm after Petitioner had been acquitted of the firearms charge at trial. In United States v. Mitchell, 146 F.3d 1388 (11th Cir.

---

well as Petitioner's other claims, on the merits below. See *infra* Part II.B.

1998), the Eleventh Circuit addressed a similar situation where the defendant was convicted of armed robbery at trial but acquitted on the charge of carrying or using a firearm in violation of 18 U.S.C. § 924(c). Id. at 1342. In sentencing Mitchell, the trial court applied a sentencing enhancement for discharging a firearm during the armed robbery pursuant to U.S.S.G. § 2B3.1(b)(2)(A). Id. On appeal, Mitchell argued that the enhancement to his sentence for discharge of a firearm was erroneous because he had been acquitted of the firearms charge at trial. Id. at 1345. The Eleventh Circuit found no error in applying the sentencing enhancement, since the district court "properly considered" the armed robbery conviction in sentencing Mitchell, not the firearms charge on which he was acquitted. Id. The Eleventh Circuit also noted that the evidence at trial was "plainly sufficient to support" the enhancement. Id.

Like Mitchell, Petitioner in the instant case was convicted on the armed robbery charge but was acquitted on the firearms charge. In sentencing Petitioner, Judge Bowen applied a similar sentencing enhancement that the sentencing court in Mitchell applied. Mitchell's sentencing enhancement was based on discharge of a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(A), while Petitioner's sentencing enhancement was based on a firearm otherwise being used pursuant to U.S.S.G. § 2B3.1(b)(2)(B). Despite this one difference, the Court finds the reasoning in Mitchell persuasive. Petitioner was sentenced based on the armed robbery conviction, not the firearms charge of which he was acquitted. Moreover, Judge Bowen heard the evidence during trial and stated at sentencing that he was "convinced, well beyond a preponderance of the evidence, that a firearm was used" during the armed robbery, notwithstanding the jury's acquittal on the firearms charge. Sent. Tr., p. 8; see also United

7

States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999) (citations omitted) (noting that sentencing enhancements must be supported by a preponderance of the evidence). Accordingly, there was no error in the application of the six-level sentencing enhancement, and this claim fails on the merits. Thus, even if this claim was not barred in this proceeding, it would still provide no basis for relief.

The Court turns next to Petitioner's second claim that the trial court erroneously relieved the government of its burden of proof as to the conspiracy and armed robbery charges when it instructed the jury "that no further proof that the bank was insured by the FDIC is necessary," following its reading of the parties' stipulation. As noted above, at trial, Judge Bowen read into the record the following stipulation signed by counsel for all parties:

> The parties hereby agree and stipulate that the Regions Bank, located at 204 West Sixth Street, in Waynesboro, Georgia, is a bank as defined by United States Code, Section 2113(f), whose deposits, on or about March 29, 2005, were insured by the Federal Deposit Insurance Corporation. The jury may accept those facts as if they were proven by the Government . . . .

CR 105-058, doc. no. 112, pp. 159-60 ("Trial Tr."); see also CR 105-058, doc. no. 90. Immediately following the reading of the stipulation, Judge Bowen went on to inform the jury that "no further proof of that the bank was insured by the FDIC is necessary." Trial Tr., p. 160.

The trial court committed no error in making this statement to the jury. Proof that deposits of a bank were insured by the FDIC on the day of the robbery is an essential element of the offense of bank robbery under § 2113. See United States v. Maner, 611 F.2d 107, 108

8

(5th Cir. 1980)[3]; see also United States v. Hindman, 284 Fed. App'x 694, 698 (11th Cir. 2008) (*per curiam*) (citing Maner, 611 F.2d at 108). While generally, each essential element of the crime must be proven beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364 (1970), where a defendant stipulates to an essential element of a crime, the government is not required to present any other evidence as to that element, see United States v. Hardin, 139 F.3d 813, 816 (11th Cir. 1998). More specific to the instant case, the Eleventh Circuit has held that defense counsel can stipulate to the federally-insured status of a bank at the time of the robbery, thereby relieving the government of the need to present "any evidence of the bank['s] insured status." Poole v. United States, 832 F.2d 561, 564-65 (11th Cir. 1987).

The same situation is present here. The parties' stipulation read into the record by Judge Bowen at trial was signed by Petitioner's counsel. See CR 105-058, doc. no. 90. Notably, nowhere in his § 2255 motion does Petitioner contend that counsel was not authorized to enter into such a stipulation. Thus, Judge Bowen correctly informed the jury that no further proof of the bank's FDIC-insured status was necessary, and Petitioner's claim that the trial court erroneously relieved the government of its burden of proof is without merit. Accordingly, even if this claim was not barred in this proceeding, it also provides no basis for relief.

Finally, the Court addresses Petitioner's third claim that the trial court lacked subject matter jurisdiction because the FDIC does not insure financial institutions against robberies or thefts. As discussed in note 2 above, this claim is not barred in this proceeding since it

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

challenges the district court's subject matter jurisdiction. See Cotton, 535 U.S. at 630; McCoy, 266 F.3d at 1248. That said, this claim still does not provide Petitioner with a basis for relief. In Roberts v. United States, 472 F.2d 1195 (5th Cir. 1973) (*per curiam*), the Fifth Circuit held that it was "irrelevant" whether a bank is specifically insured against burglary. Id. at 1196. Rather, the court found that the statute proscribing bank robbery "is applicable to any bank insured by the F.D.I.C." and does not require that the deposits be insured against robbery. Id. (citing 18 U.S.C. § 2113(f) and United States v. Harper, 241 F.2d 103, 105 (7th Cir. 1957)); see also Lord v. United States, 746 F.2d 942, 942 (2d Cir. 1984) (*per curiam*). Thus, Petitioner's claim that the trial court lacked subject matter jurisdiction because the FDIC does not insure banks against robberies or thefts is also without merit and fails to provide a basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE